**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| M.U. and S.U., as parents and guardians of A.U., a minor<br><br>Plaintiffs,<br><br>v.<br><br>TABERNACLE SCHOOL DISTRICT, et al.,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:24-cv-7170-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiffs M.U. and S.U., individually and as guardians to their autistic son, A.U., bring this action seeking redress for the alleged failure of Defendant Kenneth R. Olson Middle School; Defendant Tabernacle Defendant Township Board of Education; Defendant Principal Ryan Pina; and Defendant Tabernacle Township School District[1] (collectively, "Defendants") to provide A.U. with special needs services. Plaintiffs' action, stylized as an ADA claim, is actually governed by the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* The IDEA contains a provision requiring exhaustion of administrative remedies before a plaintiff may bring suit. The IDEA's exhaustion requirement also applies to other federal grounds for relief—such as § 1983 or the ADA—where the gravamen of the plaintiff's complaint is that the defendants failed to provide a free appropriate public education through the provision of special needs service. Here, because Plaintiffs have not exhausted their administrative remedies as required by 20 U.S.C. § 1415(l) of the IDEA, this Court lacks subject matter over Plaintiffs' claims. Moreover, as A.U. has already

---

[1] Defendant New Jersey Department of Education is also named in Plaintiffs' Complaint; however, it has not entered an appearance or joined the present motion.

graduated from Defendants' schools, Plaintiffs' claims are substantively moot. Accordingly, the Court will **GRANT** Defendants' Motion to Dismiss with prejudice.

## I. STATEMENT OF FACTS

Plaintiffs bring the Complaint on behalf of themselves individually and their minor son, A.U., who has autism and is thus qualified as a protected class under the ADA. (ECF No. 1-1). Specifically, the Complaint alleges that Defendants—the middle school A.U. then-attended, the Tabernacle Township Board of Education, the New Jersey Department of Education, the school district, and the school's principal, Ryan Pina—failed to provide and/or are incapable of providing specialized in-school services pursuant to A.U.'s Individualized Educational Plan ("IEP") in violation of the ADA. (Compl. ¶¶ 6-7, ECF No. 1-1). Plaintiffs allege that as a result of this failure, they have had to pay for these services out of pocket and A.U. continues to be physically and mentally harmed by Defendants' failure. (*Id.* ¶ 8). Plaintiffs seek (a) immediate implementation of all required services; (b) compensable damages; (c) emotional damages; (d) reasonable attorney's fees; and (e) other relief as the Court deems equitable and just. (*Id.*).

On January 23, 2025, the Court held oral argument pursuant to Federal Rule of Civil Procedure 78(b). On the record, Plaintiffs' counsel conceded that: (1) Plaintiffs have not exhausted administrative remedies pursuant to 20 U.S.C. § 1415(f) and (g); and (2) that A.U. is no longer within Defendants' school district because he has graduated Defendants' middle school.

## II. LEGAL STANDARD

The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . ." 20 U.S.C. § 1400(d)(1)(A). The IDEA's administrative process provides parents with an avenue to file a complaint and to participate in an impartial due

process hearing with respect to "any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a free appropriate public education to such child . . . ." 20 U.S.C. § 1415(b)(6)(A).

The Third Circuit has held that "compensatory and punitive damages are not an available remedy under the IDEA." *Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.*, 587 F.3d 176, 185-86 (3d Cir. 2009). "That language and structure make plain that Congress intended to ensure that disabled children receive a FAPE under appropriate circumstances, not to create a mechanism for compensating disabled children and their families for their pain and suffering where a FAPE is not provided." *Id.* at 186.

The United States Supreme Court first considered the interaction of the IDEA with the ADA and other laws in *Smith v. Robinson*, 468 U.S. 992, 993(1984). *See Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 160 (2017). There, the plaintiffs sought "to secure a 'free appropriate public education' for [their] handicapped child.'" *Smith*, 468 U.S. at 994. The plaintiffs brought "virtually identical" claims under the IDEA, § 504 of the Rehabilitation Act (which authorizes monetary relief) and the Fourteenth Amendment's Equal Protection Clause. *Id.* The Court held that the IDEA forecloses those additional claims and provided the "exclusive avenue" through which the parents of a child with a disability (or such a child) could challenge the adequacy of his education. *Id.*

In response to *Smith*, Congress enacted the Handicapped Children's Protection Act of 1986, which "overturned *Smith's* preclusion of non-IDEA claims while also adding a carefully defined exhaustion requirement" that is now codified in 20 U.S.C. § 1415(l). *Fry*, 580 U.S. at 160. The relevant portion of 20 U.S.C. § 1415(l) states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the

3

rights of children with disabilities, ***except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.***

20 U.S.C. § 1415 (emphasis added).

20 U.S.C. § 1415(f), in turn, provides that parents who have filed a complaint "shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." Then, "[i]f the hearing required by subsection (f) is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." *Id.* § 1415(g).

## III.  DISCUSSION

§ 1415(l) "bars plaintiffs from circumventing [the] IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims under some other statute—e.g., section 1983, section 504 of the Rehabilitation Act, or the ADA." *Little v. W. Orange Sch. Dist.*, No. 23-0402, 2024 WL 3858122, at *4 (D.N.J. Aug. 19, 2024). To determine whether a plaintiff seeks relief for the denial of a FAPE, "what matters is the gravamen of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry*, 580 U.S. at 169. "That inquiry makes central the plaintiff's own claims, as § 1415(l) explicitly requires" in asking "whether a lawsuit in fact 'seeks' relief available under the IDEA." *Id.* "But that examination should consider substance, not surface." *Id.* Thus, § 1415(l) "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Id.* at 170.

4

Here, the Court finds that it must dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative remedies pursuant to 20 U.S.C. § 1415(l). The gravamen of Plaintiffs' one-count Complaint seeks redress for failure to provide special education services to A.U., thereby depriving him of a free appropriate public education. Although styled as an ADA claim, Plaintiffs seek relief available under the IDEA. Thus, the IDEA's exhaustion requirement applies to Plaintiffs' sole cause of action, including their request for monetary relief. 20 U.S.C. § 1415(l); *see Chambers ex rel. Chambers*, 587 F.3d at 185-86; *Fry*, 580 U.S. at 160. Plaintiffs have conceded that they did not file a complaint and participate in the "impartial due process hearing" required by 20 U.S.C. § 1415(f), nor that Plaintiffs "appeal[ed] such findings and decision to the State educational agency" as required by § 1415(g).

Accordingly, the Court finds that Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiffs have failed to exhaust their administrative remedies pursuant to 20 U.S.C. § 1415(l).[2] Furthermore, as A.U. is no longer a student within Defendants' school district, Plaintiffs' claim is substantively moot, thereby rendering any amendment futile.[3]

Therefore, for good cause shown,

IT IS this 23rd day of **January, 2025**, hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED**; and
2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; and
3. The Clerk of Court shall **CLOSE** this case.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[2] Defendants also ask the Court to dismiss the Complaint for failure to state a claim. However, because the Complaint is dismissed for lack of subject matter jurisdiction, the Court will not address the parties' arguments concerning dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

[3] Nothing in this Order shall be construed to foreclose Plaintiffs from pursuing administrative remedies pursuant to the IDEA with respect to the school in which A.U. is currently a student.